CARRINGTON *against* The town of FARMINGTON.

The statute for the assessment and collection of taxes, passed in 1850, does not repeal that part of the old statute allowing towns to lay a tax on the list made out according to law. Therefore, where a town, in *October*, 1850, laid a town tax on the assessment list of *October*, 1849, which was the assessment list of that town then last made out, and on which the annual tax of 1849 had been laid and collected, it was held, that the tax of 1850 was legally laid.

*Hartford,*
1851.

Carrington
*v.*
Farmington.

THIS was a case submitted to the court on a statement of facts, agreed to by the parties, under the statute of 1848. *Stat.* 109, 110. § 211. The case embraced the following facts. The town of *Farmington*, at its annual meeting, holden on the first *Monday* of *October*, 1850, laid a town tax of 4 cents on a dollar, on the assessment list of *October*, 1849 ; which was the assessment list of that town then last made, and on which an annual tax was laid in *October*, 1849, and duly collected.

This tax was, in all respects, legally laid, if it could be legally laid by said town, upon said assessment list. But *Carrington*, the plaintiff, claims, that said tax could not be legally laid upon said assessment list, in consequence of the alterations in the principles of taxation, introduced by the act of *May*, 1850, upon the subject of taxation, and the repealing clause of that act.

*Carrington* is a tax payer of the town of *Farmington ;* and the tax assessed against him, under said vote of the town, and on said assessment of 1849, is 43 dollars, 15 cents. This tax he refuses to pay, on account of the illegality of the same ; and the question submitted to the court, is, whether the tax was legally laid.

*Hooker,* for the plaintiff, contended, That the tax laid in *October*, 1850, on the list of 1849, was not legally laid. In support of this position he argued as follows.

1. That the old law allowing the tax to be laid on the list of 1849, was repealed, by the new law. The 7th sec. of the act of 1850, repeals all in the former law inconsistent with the new law. If this express repeal had not been made, the new act would, on well established general principles, repeal all acts and portions of acts inconsistent with it. Is then this provision of the old law inconsistent with the new, that is, can they stand together, can both operate, without the one conflicting with and defeating the other? So far from this, the old law would allow a tax to be laid in such a manner as entirely to evade and defeat the new law. The new law introduced new rules of taxation, entirely at variance with former regulations on the subject, making an assessment list under the one an entirely different thing, in its elements and composition, from an assessment under the

other. In the first place, by the new law, (§ 1.) all personal property is made taxable at 3 *per cent.* in the assessment list. By the old law, it was rated at 6 *per cent.* By laying the tax on the old assessment list, property which the law makes taxable at only 3 *per cent.*, is compelled to pay taxes on a basis of 6 *per cent.*, or to pay just double the amount of tax that the law intends. Secondly, by the new law (§ 2.) much personal property is made taxable, that before was exempt, particularly vessels.

*Hartford,*
1851.
———
Carrington
*v.*
Farmington.

By laying the tax on the old list, all this property escapes taxation. Property which the law has declared taxable, is not taxed; and the deficiency has to be made up, by an increased tax on other property. By §§ 3 and 4, turnpike stock, and property employed in merchandise, or manufacturing, &c., and belonging to persons residing out of the state, is made taxable, when it was not so before. Thirdly, by the new law, every tax-payer is entitled to a deduction of 300 dollars from his list. This is his legal privilege, which he has a right to insist upon. By laying the tax on the old list, he is deprived of the benefit of this provision.

It is to be observed that the phraseology employed in this section, is *"shall be exempt from taxation."* It cannot therefore be claimed, that the new law simply directs how the assessment shall be made, leaving the towns to lay their tax on the new or the old, at their option. The 300 dollars, is not merely to be deducted from the list, but is to be "exempt from *taxation.*"

2. That the effect of the tax law just passed (session of 1851,) will furnish some aid in support of this position. In the first place, § 51. repeals all former acts inconsistent with the new one. This new law therefore has not repealed the old law allowing the tax to be laid on last year's list, unless the act of 1850 effected the same repeal; since the language of the repealing clauses of both is the same, and the old law is no more inconsistent with the act of 1851, than with that of 1850. Secondly, the repealing clause of the act of 1851 clearly applies to the act of 1850, and repeals it; as there is a clear inconsistency between the two. But if the old law is not repealed, a tax can legally be laid next fall on the list of 1850; as that list was made in accordance with the law as it then stood. Can it be supposed, for a

moment, that this can be done?  And yet the law of 1851 no more repeals the law of 1850, than the law of 1850, repealed the law that preceded it, with regard to the mode of making assessments.   Thirdly, the law of 1851 provides ( § 6 ) that certain property shall be "exempt from *taxation*," much of which was taxable under the law of 1850, and therefore has been included in the lists of 1850.   Can it be pretended, that in spite of the law of the state declaring these articles *exempt from taxation*, any town may, at its pleasure, go on and tax them?

3. That if the old law allowing a tax to be laid on a prior assessment, is not repealed, it is yet suspended and inoperative, in cases where an intermediate enactment has established a new system of assessment, and abolished the old.

If it be said, that this is a novel kind of repeal, that the statute must either be wholly repealed, or in full force, we reply, that it is the temporary operation of the old law rather than any thing fundamental in the law itself, that conflicts with the new law.   The latter repeals only such acts and parts of acts as do thus conflict.   We can see no impropriety, then, in such an application of the repealing clause as will suspend, or render temporarily inoperative, the old law, while leaving it to operate where it can do so, without conflicting with the law.

In 16 *Peters*, 362. the court, in speaking of repeals by implication, says "there must be a positive repugnancy between the provisions of the new law and the old, and even then the old law is repealed, by implication, only *pro tanto*, to the extent of the repugnancy."

4. That the old law allowed taxes to be laid on the assessment list *last made out according to law*.   The list of 1849, at the time the tax was laid on it, was not a "list made out according to law."

A phrase of this kind, in its application to a subject matter, would perhaps generally mean " made out according to the law as it was at the time."   But it seems clear, that a different meaning was intended here.   In the first place, we should expect from the reason of the thing, that the legislature, in allowing a tax to be laid on an old list, would make it a condition that the list should be in conformity with the

present law, that it should not be made under a law defective, and perhaps unequal and unjust, and therefore repealed.

Secondly, the phraseology used by the statute, is,(*Stat.* 141. § 31.) "on the assessment list last made out according to law, or on the assessment list which shall next thereafter be completed, by the assessors and board of relief." The condition that the list should be according to law, is confined to back lists, and is not extended to future ones. Why this distinction? Is it not just as important that the new list be a legal one, as that the old should be?

The only reason for the distinction is, that the new list would of course be made out according to any new law that might have been passed, while the old one might have been made before the new law, and thus have become illegal. The same distinction is preserved in the old statutes. *Stat.* 459. ed. 1821. Acts of 1826, *p.* 95. If by this term the statute had intended simply a list made out in legal form, or a legal list, it would certainly have have used the same language with regard to both back and future lists ; and no reason can be conceived for making a distinction. Thirdly, the *Rev. Stat.* 611. § 38. provides, that the "assessment list in each town, as the same shall annually be made and corrected by the assessors and board of relief, *according to the provisions of this act*, shall be the list on which *all* county, town, society, school district and highway taxes shall be laid." The act of 1850 comes in substitution of certain preceding sections in the act in the *Rev. Stat.*, and made the old statute precisely what it would have been, if the act of 1850 had been embodied in it. The 38th section retains all its original force, and applies to the act, as thus amended, precisely as it applied to the act before amendment. After the passage of the act of 1850, therefore, a list, to be legal, under the 38th section, must have been made "according to the provisions of the act" as thus amended, *i. e.* according to the act of 1850. And as *all taxes* must be laid (§ 38.) on a list made out according to the law, as thus amended, no tax could legally be laid on a list not so made out. Consequently, a tax laid in *Oct.* 1850, on a list made out according to the law of 1849, and not according to the law of 1850, could not be legally laid.

5. That it would seem to be the intention of the statute,

*Hartford,*
1851.

Carrington
*v.*
Farmington.

*Hartford,*
*1851.*

*Carrington*
*v.*
*Farmington.*

that taxes should be laid on the nearest list; and the reason of the thing is against going back, a whole year, to a list on which a tax has already been laid, and which does not represent the men who vote the tax and are to use the money. It is said to have been customary for the towns to hold their annual meetings and vote their taxes, in the spring; and this provision of the law is supposed to have been intended for that state of things. In *Montville* v. *Haughton,* 7 *Conn. R.* 547. *Daggett,* J., in giving the opinion of the court, says: " I believe, in some cases, the tax is laid on the list *last perfected;* but I do not see the reason of it. Taxes are laid for the current expenses of the year. The basis of them should be, therefore, the taxable estate of the year."

6. That the authorities on the general subject of repeal by implication, are in favour of our position. *Davies* v. *Fairbairn,* 3 *How. U. S.* 636. 644, 5. *Commonwealth* v. *Cromley,* 1 *Ashmead,* 179. *Commonwealth* v. *Kimball,* 21 *Pick.* 373. 376. *Nichols* q. t. v. *Squire,* 5 *Pick.* 168. *Bartlet* & al. v. *King,* 12 *Mass. R.* 537. 545. *Dwarr. Stat.* 675.

*Cowles,* for the defendants, insisted, That there is no inconsistency between the provisions of the statute of 1850 and the statute on *p.* 141 of the *Rev. Statutes,* under which the town have acted.

In the first place, they do not relate to the same thing— (the same subject matter.) One statute prescribes duties to towns, under certain penalties. *Rev. Stat.* 141. The other statute,(acts of *May,* 1850, *p.* 69.) prescribes certain rates of taxation upon property, what property shall be taxed, how valued and set in the list, what property shall be exempt, prescribing certain duties to assessors and board of relief.

Secondly, they are not designed to accomplish the same object.

The statute on *p.* 141. of *Rev. Stat.* is, to oblige towns to grant annual taxes to defray their annual expenses. The new statute is for the assessment and collection of taxes, laying down certain principles of taxation, an addition to the old act on that subject, to perfect and complete the lists of all persons liable to pay taxes.

But it is said, that towns can so lay a tax, as to evade the provisions of the new law. This may be the fault of the

legislature, in not providing against such a contingency, or it may have been designed for the purpose of enabling towns to perfect and establish their lists before the laying of a tax on the same, under the new system.

Thirdly, if any alteration in our tax laws would repeal the statute under which the town have acted, then the various alterations that have been made heretofore, have long ago repealed the law. See alterations 1844, 1847, &c. &c. *Statutes* of 1821, *p.* 415. *Montville* v. *Haughton,* 7 *Conn. R.* 543. 547.

Fourthly, the law does not favour repeal, by implication. *Snell* v. *Bridgewater Cotton Gin Manuf. Co.* 24 *Pick.* 296. *Goddard* v. *Boston,* 20 *Pick.* 407. *Commonwealth* v. *Kimball,* 21 *Pick.* 373. *Carter* v. *Sibley,* 4 *Metc.* 298. *Planters Bank* v. *The State,* 6 *Sm. & Marsh.* 628. *Kinney* v. *Mallory,* 3 *Ala.* 626. *Bowen* v. *Lease,* 5 *Hill,* 221. *Mc Farland* v. *State Bank,* 4 *Pike,* 410. *Gorham* v. *Luckitt,* 6 *B. Monroe,* 146. *Bruce* v. *Schuyler,* 4 *Gilm.* 221. *Williams* v. *Potter,* 2 *Barb. Sup. Ct. R.* 316. *Dugan* v. *Gittings,* 3 *Gill,* 138.

ELLSWORTH, J. Upon the facts agreed in this motion, we think judgment should be rendered for the defendants. We do not perceive any inconsistency between the law of 1850, essentially changing our system of taxation, and the prior law of 1826, authorizing the laying of taxes on the assessment list last or next to be completed. It is true, the amount of a tax may be quite different, as it is laid on the list made under the law of 1850, or under the law in force in 1849; but this inequality might result from taking one list rather than the other for the basis of the tax, and not from the changes in the law of 1850. The law of 1850 directs how an assessment list shall be made up; and if the provisions of that law have not been followed in making up any list, (after the law had gone into force,) the list would be without law and void, and any tax laid upon it could not be collected. But changing the rule of taxation has nothing to do with the question, on which of the lists, 1849 or 1850, the tax shall be *laid.* It rests with the legislature alone to direct, on what list a tax shall be laid; and the legislature gives the range of two years, and it might give more: it might direct an assessment list to be made only once in three or

*Hartford,*
*1851.*

*Carrington*
*v.*
*Farmington.*

five years. This latitude may, and, we believe, not unfrequently does, lead to inequality in taxes; but this is the result of the latitude allowed by the law of 1826 rather than anything else. Ever since that statute, and indeed before it, towns *could* lay a tax two years successively on the same list, while the property taxed had so changed hands that the taxes were actually imposed on persons who had sold their property, and not on those who had bought and enjoyed it. Taxation, at best, is somewhat arbitrary and unequal. But on the whole, it has been thought better to give the range allowed by the law of 1826, than to restrict towns and other *quasi* corporations to a single list, already made, or to be made. Money is sometimes wanted immediately, so that a tax must be laid on the list last completed to meet the existing emergency, while sometimes delay is practicable; and it is deemed more just and equal to lay the tax on the list next to be completed; as was done, and sanctioned by this court, in *Montville* v. *Haughton,* 7 *Conn. R.* 549. This decision was before the law of 1826.

If the argument of the plaintiff's counsel is sound, then every modification of the tax law exempting property before taxed, or changing the rates *per cent.* at which it was taxed, or including property not before taxed, has repealed the statute of 1826; for every modification has changed, to some extent, the relative and actual burden of taxes; but no one has been bold enough to assert such to be the law of the state. The truth is, a statute for making up an assessment list, and a statute giving an election of one of two lists on which to lay a tax, relate to *different subjects*, and are not incompatible or inconsistent one with the other.

We advise judgment for the defendants.

In this opinion the other judges concurred.

Judgment for defendants.